FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 MAR 18 AM 11: 2⁹

MARGARET BOTKINS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

Plaintiff,

v.

VICTOR MANUEL
HERNANDEZ-VOLIZ,

Defendant.

Criminal No. 20-MJ-21-J

---

## Order Granting Government's Unopposed Motion to Extend Indictment Deadline

---

The United States has filed an unopposed motion seeking excludable time under the Speedy Trial Act within which to file an indictment in this case. The Court has considered the motion and determines it should be granted.

The Speedy Trial Act imposes various deadlines in connection with federal criminal cases. For a defendant charged with a felony by complaint, an indictment must be filed within thirty or sixty days, depending on whether a grand jury was in session during the initial thirty-day period. 18 U.S.C. § 3161(b). Moreover, a defendant held in continuous custody awaiting trial must be tried within ninety days of being detained. § 3164(a)(1), (b). However, periods of time enumerated in 18 U.S.C. § 3161(h) are "excluded in computing the time within which . . . an indictment must be filed, or in computing the time within which the trial of any such

offense must commence." Such time periods are also excluded from the ninety-day custody limitation. § 3164(b).

Here, in a criminal complaint filed on March 2, 2020, the United States charged the Defendant with illegal reentry of a previously deported alien in violation of 8 U.S.C. § 1326(a) and (b)(1). (ECF No. 1.) The Defendant was arrested on March 5, 2020, made his initial appearance on the same day, and was ordered detained pending trial on March 10, 2020. (ECF Nos. 5–6, 14.) A federal grand jury convened in the District of Wyoming beginning March 16, 2020. However, it appears the grand jury session is terminating early due to health concerns. The next federal grand jury in the District of Wyoming is scheduled to convene on May 19, 2020, in Cheyenne, Wyoming.

In this case, absent excludable time, § 3161(b) would require the United States to present a proposed indictment at the March 16, 2020 grand jury session. However, time may be excluded under § 3161(h)(7), the so-called "ends of justice" provision of the Speedy Trial Act.

Section 3161(h)(7)(A) excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(7)(B) sets forth a non-exclusive list of factors a court must consider in determining whether to grant an "ends of justice"

continuance. *See Zedner v. United States*, 547 U.S. 489, 498-99 & n.3 (2006). These factors include, "in a case in which arrest precedes indictment, [whether] delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)." § 3161(h)(7)(B)(iii). A court must make the required findings before granting an "ends of justice" continuance and set forth its reasons on the record. § 3161(h)(7)(A); *Zedner*, 547 U.S. at 506-07.

Here, the grand jury session scheduled for March 16, 2020, will likely end early based on the public health risks associated with COVID-19. The situation with COVID-19 is rapidly developing, and various entities are taking preventative measures to minimize public health risks.

This Court finds the ends of justice served by granting the requested extension outweigh the best interests of the public and the Defendant in a speedy trial. The United States cannot present a proposed indictment without a grand jury, and given the timing of the Defendant's arrest, the March 2020 session would have been the government's next opportunity to present an indictment in this case. The requested continuance does not stem from any lack of diligence on the government's part, but rather, from an unexpected and rapidly developing public health situation. The Court takes judicial notice of the potentially serious health risks posed by COVID-19 and finds that the need to protect public health is paramount. Moreover, to the extent

there may be further or unforeseen delay in convening a grand jury, the Defendant retains the right to waive indictment and consent to prosecution by information at any time, which would permit this case to proceed despite any delay in reconvening the grand jury. *See* FED. R. CRIM. P. 7(b). Defense counsel does not object to the government's motion.

THEREFORE, for the reasons set forth above, IT IS ORDERED that the time from the filing date of the government's motion through the final day of the next grand jury session in the District of Wyoming is hereby excluded under 18 U.S.C. § 3161(h)(7). This exclusion applies to the speedy indictment requirement of § 3161(b) and extends the Defendant's ninety-day custody period under § 3164(b). An indictment will be deemed timely under this order if it is returned during the next grand jury session scheduled in this district.

SO ORDERED this ___18th___ day of March 2020.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE